IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BONNY N. EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF HAWAIʻI; REED K. MAHUNA, in his individual capacity, and in his official capacity as Chief of Police of the County of Hawaiʻi for prospective relief only; CODY K. CORREIA; KEANU LUMWON; DEREK TOLOUMU; JARED-TAYLOR ("JT") MAKAWEO-QUIHANO; DANIEL TAM; DUSTIN SAMPAGA; SERGEANT CASEY CABRAL; OFFICER ZACHARY MADEROS; ANDREW S. BURIAN; DAKOTA FRENZ; DOES 1–50; and ROES 1–20,<br><br>Defendants. | Civil No. 26-00071 MWJS-KJM<br><br>ORDER DIRECTING SERVICE OF THE THIRD AMENDED COMPLAINT |

**<u>ORDER DIRECTING SERVICE OF THE COMPLAINT</u>**

In this lawsuit, pro se Plaintiff Bonny N. Evans alleges that she was violently abused by an individual who is the first cousin of the police chief in Hawaiʻi County, that local police refused to protect her because of the abuser's familial connection, that police instead arrested her for a crime she did not commit (using excessive force to restrain her while doing so), and that government agents took other retaliatory actions (including depriving her of her driver's license, interfering with her housing rights, and

failing to accommodate her disability). The criminal case against her was eventually dismissed, and Evans now advances several claims against Hawaiʻi County and against individuals she alleges were involved in the wrongs against her.

On August 27, 2026, this court granted Evans's application to proceed in forma pauperis, that is, without prepaying fees or costs. Dkt. No. 44. Although an initial complaint was pending at that time, Evans had represented that she intended to seek leave to file an amended complaint, though she had not yet done so. To move her case forward, the court directed Evans to file a First Amended Complaint by September 14, 2026. *Id.* Evans timely filed that new complaint, Dkt. No. 45, but shortly thereafter sought leave to submit a new, corrected pleading, Dkt. No. 46. The court granted her requested leave, Dkt. No. 47, and Evans filed a Third Amended Complaint on October 1, 2026, Dkt. No. 48.

Given that Evans is proceeding in forma pauperis, the court must screen the complaint under 28 U.S.C. § 1915(e)(2). In conducting this screening, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See generally Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim). The standard this court uses to screen whether a complaint states a claim is the same as that used under Rule 12(b)(6) of

the Federal Rules of Civil Procedure. Under that rule, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And while detailed allegations are not required, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and allegations that only permit the court to infer "the mere possibility of misconduct" are insufficient. *Iqbal*, 556 U.S. at 678–79; *see also Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011).

In this case, the court's screening obligation is complicated by the fact that Evans's 243-page Third Amended Complaint is neither concise nor entirely clear in all respects. That is understandable, as Evans is proceeding pro se. And because she is pro se, the court is required to liberally construe her pleading. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But these circumstances make the task of screening the Third Amended Complaint a challenging one. A further complication, inherent in the obligation to screen in forma pauperis complaints, is that the court has not had the benefit of any adversarial briefing on whether Evans's complaint states a claim upon which relief might be granted (or any other ground on which the complaint might be dismissed).

Nonetheless, it is clear that certain aspects of the Third Amended Complaint cannot proceed. The first is that, in its current form, the Third Amended Complaint does not adequately allege a plausible claim against Hawaiʻi County Chief of Police

Reed K. Mahuna. It does no more than allege that Chief Mahuna is the cousin of the person who abused Evans, that some government actors might have been motivated by that fact to act harmfully toward Evans, and that Chief Mahuna signed a disposition finding that an officer who allegedly failed to protect Evans had not engaged in any misconduct. These factual allegations are insufficient to support either official or personal capacity liability. Chief Mahuna cannot be held liable because of how others around him might have responded to the fact that an alleged abuser was related to him. And the Third Amended Complaint does not allege that Chief Mahuna encouraged any improper behavior for that reason or any others. Nor is the fact that Chief Mahuna signed a disposition sufficient for liability. The Third Amended Complaint "is devoid of any factual allegations that would support the conclusion" that Chief Mahuna "knew that officers under his supervision had committed violations of law when he found that they did not." *Coultas v. Betts*, Civ. No. 24-00104, 2024 WL 1348638, at *4 (D. Haw. Mar. 29, 2024).

The claim against Chief Mahuna—Count XII of the Third Amended Complaint, which alleges a conspiracy to deny Evans equal protection—is, therefore, DISMISSED as to him. And because Chief Mahuna is not named in any other count, the court does not authorize service of the Third Amended Complaint on him.

Nor has the Third Amended Complaint adequately alleged municipal liability for § 1983 purposes. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the

Supreme Court held that a municipality can be sued directly under § 1983, but only in limited circumstances. First, a municipality can be liable when a person with final policymaking authority within the municipality expressly enacts, authorizes, or ratifies a policy respecting a challenged action. *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" that it operates with the force of law. *Monell*, 436 U.S. at 691. Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference toward the rights of its inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). Under this failure-to-train theory, a municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor"; a plaintiff must allege that a policy, custom, or failure to train actually caused the municipality's employee to commit the constitutional deprivation. *Monell*, 436 U.S. at 691.

In its current form, the Third Amended Complaint does not adequately allege facts that support a plausible claim under any of these theories. There is no allegation that any policymaker expressly enacted or authorized a policy that sanctioned or encouraged any of the misconduct Evans alleges. And while Evans alleges ratification, her allegations are insufficient. The fact that a prosecuting attorney pursued the criminal case against Evans, Dkt. No. 48, at PageID.825–26, does not support

ratification. The Third Amended Complaint does not plausibly allege that the prosecuting attorney—as opposed to complaining officers—knew that the criminal case had no basis (at least not until the point at which it was dismissed). Nor does the Third Amended Complaint sufficiently allege that any policymaker who signed disciplinary dispositions did so while knowing they were sanctioning unlawful or unconstitutional behavior. *Accord Ellins*, 710 F.3d at 1066–67 (finding that a *Monell* claim failed because although the policymaker had approved a decision, there was no allegation that he "knew that the decision was in retaliation for protected speech or that she ratified the decision despite such knowledge"). And Evans's allegations about a custom or policy or failure to train are too conclusory to support municipal liability. Accordingly, the § 1983 claim against Hawai‘i County—Count VIII—must also be dismissed.

Furthermore, the Third Amended Complaint itself states that it is withdrawing Count V, which in earlier versions of Evans's pleadings alleged a violation of procedural due process. That claim, too, must be dismissed, as it is alleged in the Third Amended Complaint (though accompanied by language requesting its withdrawal).

All the above dismissals are without prejudice to a future application to amend the Third Amended Complaint, but the court cautions Evans that she should not seek to add counts or Defendants against whom she cannot satisfy the federal pleading standards. The court will not grant leave to amend for any proposed amended complaint that purports to do so.

As to the remaining counts and named Defendants, at this early stage of the proceedings, without any responsive pleading from Defendants—and while acknowledging that there may be defenses, affirmative or otherwise, to these remaining claims—the court finds service to be appropriate. This covers, specifically, the following: (1) Count I against Cody K. Correia and Jared-Taylor ("JT") Makaweo-Quihano; (2) Count II against Hawai'i County; (3) Counts III and IV against Correia; (4) Count VI against Correia, Keanu Lumwon, Derek Toloumu, Daniel Tam, Dustin Sampaga, and Zachary Maderos; (5) Count VII against Dakota Frenz and Andrew S. Burian; (6) Count IX against Hawai'i County; (7) Count X against Correia, Maderos, Lumwon, and Toloumu; (8) Count XI against Correia, Makaweo-Quihano, Maderos, and Hawai'i County; and (9) Count XII against Correia, Makaweo-Quihano, Lumwon, Toloumu, Tam, Sampaga, Maderos, and Casey Cabral.

The Third Amended Complaint also names several "John Doe" and "Jane Roe" Defendants. That is because Evans has not yet identified them—and as to one, "Chezvis Carveiro," Evans is not sure that this is the right name—and so is using these designations as placeholders. Of course, none of these Doe and Roe Defendants—nor Carveiro—may be served at this time, and the court will leave for another day whether Evans should be "given an opportunity through discovery to identify the unknown defendants." *Newman v. Hawaii*, 2024 WL 3553560, at *2 (D. Haw. July 26, 2024) (quoting *Gillepsie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

**SERVICE ORDER**

For the foregoing reasons, the court DIRECTS service of the Third Amended Complaint in accordance with the following:

1. Service is DIRECTED as to each of the following eleven Defendants: Hawaiʻi County, Cody K. Correia, Keanu Lumwon, Derek Toloumu, Jared-Taylor ("JT") Makaweo-Quihano, Daniel Tam, Dustin Sampaga, Casey Cabral, Zachary Maderos, Andrew S. Burian, and Dakota Frenz. For each of these Defendants, the Clerk's Office is DIRECTED to send to Plaintiff one copy of the Third Amended Complaint, Dkt. No. 48; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this order. The Clerk's Office shall also send a copy of this Order to the United States Marshals Service.

2. Should Plaintiff choose to use the United States Marshal to serve the summons and Third Amended Complaint, Plaintiff shall complete the forms as directed and, for each of Defendants, submit the following documents to the United States Marshal in Honolulu, Hawaiʻi: a completed USM-285 form; a copy of the Third Amended Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of

Service of Summons form (AO 398); and two completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the United States Marshall shall mail to each Defendant: a copy of the Third Amended Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed. R. Civ. P. 4(c)(3).

4. The United States Marshal shall retain the summons and a copy of the Third Amended Complaint. For each Defendant, the United States Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within thirty days from the date that such forms are mailed, the United States Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to

secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshals Service in photocopying additional copies of the summons and the Third Amended Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Rule 4(d)(2) of the Federal Rules of Civil Procedure.

6. If Plaintiff does not wish to use the United States Marshal for service, she may serve each of Defendants on her own, in compliance with Rule 4 of the Federal Rules of Civil Procedure.

7. Plaintiff is cautioned that if she fails to comply with this order and her non-compliance prevents timely and proper service as set forth in Rule 4(m) of the Federal Rules of Civil Procedure, this action is subject to dismissal for failure to serve.

8. After service of the summons and Third Amended Complaint, whether accomplished on her own or with the services of the United States Marshal, Plaintiff must serve on Defendants or their attorneys a copy of all further documents she submits to the court. The United States Marshal is

not responsible for serving these documents on Plaintiff's behalf. In addition, Plaintiff shall include, with any original paper filed with the Clerk's Office, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk's Office or that does not include a certificate of service will be disregarded.

9. Plaintiff must promptly inform the court of any change of address by filing a "Notice of Change of Address." The notice must contain only information about the change of address and its effective date and must not include requests for other relief. Failure to file such notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

10. Plaintiff is notified that, until service of the Third Amended Complaint has been effected, she must not file motions or other documents with the court. Plaintiff is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi.

//

//

//

IT IS SO ORDERED.

DATED: October 26, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge